IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRMA ROSA MARTÍNEZ VÁZQUEZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 19-1222 (MEL)

**OPINION AND ORDER**

Pending before the court is Ms. Irma Rosa Martínez Vázquez's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits under the Social Security Act. ECF Nos. 1, 25. Plaintiff claims that the administrative law judge's mental residual functional capacity determination is not supported by substantial evidence. It is also alleged by Plaintiff, among other allegations, that the administrative law judge erred in weighing the medical opinions of record regarding her mental impairments.

**I.    Procedural and Factual Background**

On March 11, 2014, Plaintiff filed an application for Social Security benefits alleging that on May 31, 2012, she became unable to work due to disability. Tr. 61.[1] Prior to the onset date, Plaintiff worked as a prisoner classification interviewer. Tr. 70. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 63. Plaintiff's disability claim was denied on July 22, 2014, and upon reconsideration. Tr. 61. Thereafter, Plaintiff requested a hearing which was held on April 6, 2017 before Administrative Law Judge Juan

---

[1] "Tr." refers to the transcript of the record of proceedings.

Carlos Hunt ("the ALJ"). Tr. 77-92. On May 10, 2017, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 71. Thereafter, Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1-4. Plaintiff filed a complaint on March 8, 2019. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 25, 26.

## II.     Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### C. The ALJ's Decision

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 63. Then, at step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Id. At step two, the ALJ determined that Plaintiff had the severe impairment of an affective disorder. Tr. 63. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 64. Next, the ALJ determined that during the relevant period Plaintiff had

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember and carry out simple instructions. She can maintain attention and concentration for two hours with normal breaks. She frequently can interact appropriately with the public, supervisors and coworkers. She can make simple work related decisions. She can tolerate few changes in a routine work environment.

Tr. 66. At step four, the ALJ determined that through the date last insured, Plaintiff could not perform her past relevant work as a prisoner classification interviewer. Tr. 70. At step five, the ALJ presented Plaintiff's RFC limitations, as well as her age, education, and work experience to a vocational expert. Tr. 70-71, 90. The vocational expert testified that an individual with a similar RFC would be able to perform the following representative occupations: hand packager, label machine operator, and machine package sealer. Tr. 70-71, 90-91. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that she was not disabled. Tr. 71.

**III.     Legal Analysis**

Plaintiff challenges the ALJ's decision on three grounds. First, Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence. It is also claimed by Plaintiff that the ALJ improperly assigned great weight to the opinions of the state agency consultants. Lastly, Plaintiff argues that the ALJ did not consider all of the evidence in the record.

**A. The ALJ's Mental RFC Determination**

Plaintiff alleges that the ALJ's RFC determination regarding her mental impairment is not supported by substantial evidence. ECF No. 25, at 5. The ALJ is responsible for formulating a claimant's RFC. See 20 C.F.R. § 404.1546(c). "In making an RFC assessment, the ALJ must consider all relevant evidence in the record, including the opinions and statements by all medical sources." Sánchez-Velázquez v. Comm'r of Soc. Sec., Civ. No. 14-1723, 2016 WL 917913, at *3 (D.P.R. Mar. 10, 2016) (citations omitted); see 20 C.F.R. § 404.1545(a)(3). The claimant, however, has the burden of providing evidence to establish how his impairments limit his RFC. See Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

The ALJ adequately considered the medical opinions of record regarding Plaintiff's mental condition and substantial evidence supports his mental RFC determination. Tr. 66. From August 28, 2013 to September 6, 2013, Plaintiff underwent a "partial hospitalization program / outpatient intensive" for complaints of depression and anxiety. Tr. 212, 624. Plaintiff was treated with therapy and medications and "accomplished an improvement in her psychological, emotional, and mental health." Id. On May 14, 2014, Plaintiff was evaluated by treating psychiatrist Dr. José López Márquez ("Dr. López") who found that she was depressed and had inadequate attention, concentration, insight, and judgment. Tr. 190-91, 590-91.

On May 16, 2014, Plaintiff attended a psychological evaluation with examining clinical psychologist Dr. Angélica Rodríguez Nieves ("Dr. Rodríguez") who diagnosed Plaintiff with severe major depressive disorder. Tr. 578. Dr. Rodríguez noted that Plaintiff reported that after her husband became ill, she cried at work and was not able to concentrate and she began to lose performance. Tr. 575. Plaintiff decided to retire. Id. Dr. Rodríguez indicated that she had an appropriate affect, was cooperative during the interview, and retained a coherent, relevant, and logical thought process without evidence of perpetual disturbances. Tr. 68, 576. Dr. Rodríguez also found that Plaintiff retained the ability to handle funds. Tr. 578. The ALJ noted that Plaintiff retained the ability to follow instructions to perform tests with Dr. Rodríguez to measure her memory and concentration. Tr. 68, 577-78. Dr. Rodríguez opined that Plaintiff's capacity for memory and concentration levels seemed reduced and that she was able to sustain simple, but not complex, social interactions due to her emotional symptoms. Id.

Plaintiff takes issue with the ALJ's observation that Plaintiff retained the ability to follow instructions even though she exhibited deficits in the results of Dr. Rodríguez's memory test. ECF No. 25, at 6. The fact that Plaintiff showed some deficiencies in memory, however, does not mean that Plaintiff was unable to follow the instructions for the memory test administered by Dr. Rodríguez. Tr. 577. For the short-term memory test, Plaintiff was able to follow Dr. Rodríguez's instructions to remember five objects and accurately recite them one minute later. Id. In measuring her recent memory, Plaintiff properly understood and followed Dr. Rodríguez's instructions asking her to recite how she arrived at the office and what activities she had completed that morning. Id. Understanding and carrying out instructions are explicit examples of basic work activities. See 20 C.F.R. § 404.1522(b)(3). Furthermore, state agency psychological consultant Dr. Russell Phillips ("Dr. Phillips") reviewed the record in June 2014

7

and opined that Plaintiff had no significant limitations to understanding and remembering simple instructions and moderate limitations with respect to understanding and remembering detailed instructions. Tr. 284.

Dr. Phillips also indicated that Plaintiff had moderate limitations in the ability to maintain attention and concentration for extended periods and opined that Plaintiff can maintain attention for 2 hours at a time and persist at simple tasks over 8-hour days and 40-hour workweeks with normal supervision. Tr. 285. Dr. Phillips opined that Plaintiff was moderately limited in her ability to interact appropriately with the public but not significantly limited in her ability to get along with coworkers or accept instructions from supervisors. Id. It was also found by Dr. Phillips that Plaintiff could tolerate the minimum social demands of simple-task settings. Id. In December 2014, state agency clinical psychologist Dr. Carmen Piñeiro ("Dr. Piñeiro") reviewed the record upon reconsideration and concurred with Dr. Phillips' opinion. Tr. 304-06. The ALJ assigned only some weight to the state agency consultants' opinions that Plaintiff can understand, remember, and carry out simple instructions in light that Dr. López reported deficiencies in concentration, memory, insight, and judgment. Tr. 68.

Subsequent progress notes from Dr. López indicate that Plaintiff had poor orientation and inadequate concentration, attention, judgment, and insight.[2] Tr. 181-89, 581-89. Plaintiff underwent a "partial hospitalization program / intensive outpatient treatment" from September 24, 2014 to September 30, 2014. Tr. 214-17, 626-29. By the time she was discharged, Plaintiff had increased periods of attention and concentration and "achieved socializing with more frequency." Tr. 216, 628. The ALJ noted that in October 2014, Dr. López assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 45 which is "indicative of serious

---

[2] These progress notes correspond to Dr. López's treatment of Plaintiff in July 2014, August 2014, September 2014.

8

symptoms." Tr. 68, 210, 622. The ALJ gave some weight to the GAF score as Dr. López prescribed treatment that included antidepressants, anxiolytics, and anti-psychotic medications to attenuate the alleged mental symptoms. Tr. 68, 210, 213, 584, 622, 625.

The ALJ noted that general practitioner Dr. Yarelis Marie Pérez Rivera ("Dr. Pérez") examined Plaintiff in January 2015 and found that she was coherent, alert, and oriented as to self, place, and time. Tr. 68, 647-48. Plaintiff underwent another partial hospitalization program from April 16, 2015 to April 22, 2015. Tr. 231-34, 661-64. Plaintiff continued to be treated by Dr. López and his progress notes reflect that she had inadequate attention, judgment, concentration, and insight.[3] Tr. 237-44, 252-73, 665-72, 678-99.

Plaintiff alleges that the ALJ erred in finding that Plaintiff did not have "markedly limited mental functioning even though [Dr. López] reported some deficiencies in concentration and orientation." Tr. 68; ECF No. 25, at 10. Plaintiff proceeds to argue that the ALJ erred by not explicitly enumerating the factors for evaluating a treating source's medical opinion in 20 C.F.R. § 1527(c) in considering Dr. López's opinions.[4] ECF No. 25, at 10-11. "[A]n ALJ should generally give more weight to a treating physician's opinions, because such doctors 'are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [claimant's] medical impairment(s).'" Carstens v. Comm'r of Soc. Sec., Civ. No. 12-1335, 2013 WL 3245224, at *7 (D.P.R. June 26, 2013) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ, however, can give less weight to a treating physician's opinion with a showing of good cause: "(1) that

---

[3] These progress notes correspond to Dr. López's treatment of Plaintiff in April 2015, June 2015, August 2015, October 2015, December 2015, March 2016, September 2016, and December 2016.

[4] "When the treating opinion is not given controlling weight, the ALJ must consider all of the following factors in deciding the remaining weight to be given to the opinion: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) supportability of findings, (4) consistency of the medical opinion with the record as a whole, (5) the doctor's specialization, and (5) any other factors brought to their attention which tend to support or contradict the opinion." Montañez v. Colvin, Civ. No. 14-1701, 2016 WL 8672928, at *3 (D.P.R. Sept. 20, 2016) (citing 20 C.F.R. § 404.1527 (c)(2)(i)-(c)(6)).

they are brief and conclusory, (2) not supported by medically acceptable clinical laboratory diagnostic techniques, or (3) are otherwise unsupported by the record." Carrasco v. Comm'r of Soc. Sec., 528 F. Supp. 2d 17, 25 (D.P.R. 2007). The ALJ must give good reasons for according less weight to a treating sources' opinion. Rodríguez v. Colvin, Civ. No. 12-1546, 2014 WL 1309964, at *3 (D.P.R. Mar. 31, 2014); see 20 C.F.R. § 404.1527(c)(2).

In the case at hand, the ALJ properly considered Dr. López's opinions alongside the record medical evidence and reasonably determined that the findings of Dr. Rodríguez, Dr. Pérez, Dr. Phillips, and Dr. Piñeiro reflected that Plaintiff did not have markedly limited mental functioning. See Lozada-Miranda v. Comm'r of Soc. Sec., Civ. No. 18-1410, 2020 WL 4671838, at *6 (D.P.R. Aug. 11, 2020) ("the opinion of a treating physician need not be given controlling weight where the ALJ determines that it is inconsistent with the other substantial evidence in [the] case record."); Vega-Morales v. Comm'r of Soc. Sec., 380 F. Supp. 2d 54, 59 (D.P.R. 2005) ("treating physicians 'are not entitled to greater weight merely because they were treating physicians' as compared with a consulting physician's opinion." (quoting Rodríguez Pagan v. Sec. of Health & Human Serv's, 819 F.2d 1, 3 (1st Cir. 1987)).

The ALJ noted that Dr. Rodríguez reported in May 2014 that Plaintiff retained a coherent, relevant, and logical thought process without evidence of perpetual disturbances. Tr. 68, 576-77. The ALJ also noted that in October 2014, Dr. López indicated that Plaintiff tolerated her medications without adverse side effects and that she accomplished an improvement in her psychological, emotional, and mental health after her partial hospitalization. Tr. 205, 210, 617, 622. Dr. López found that Plaintiff did not present hallucinations and did not exhibit phobias, compulsions, obsessions, or deliriums. Tr. 205, 617. The ALJ indicated that Dr. López's progress notes consistently established that Plaintiff remained coherent, affable, cooperative, and alert

10

during the course of her appointments.[5] Tr. 69, 183, 186, 189, 227, 253, 256, 260, 264, 271, 275. Dr. López's progress notes also continuously reflected that Plaintiff had a logical and relevant thought process. Id. In January 2015, Dr. Pérez reported that Plaintiff appeared alert and oriented in all spheres. Tr. 68, 647.

Furthermore, the ALJ noted in his decision that Dr. Phillips reviewed the record and opined that Plaintiff had no significant limitations to understand, remember, and carry out simple instructions. Tr. 284. Dr. Phillips also opined that Plaintiff could maintain two hours of concentration at a time and tolerate minimal social demands of simple tasks. Tr. 285. Dr. Piñeiro reviewed the record upon reconsideration and concurred with Dr. Phillips' opinion. Tr. 305-06. Furthermore, it was noted by the ALJ that Plaintiff reported that she can bathe and dress herself, prepare meals, drive short distances, and perform some household chores. Tr. 69, 112-13, 120-21, 441, 460, 575. Thus, the ALJ provided good reasons for finding that Dr. López's opinions were not consistent with the record evidence which suggested a greater sustained capacity for work than alleged by Plaintiff. Tr. 70. Rodríguez v. Colvin, 2014 WL 1309964, at *3.

The ALJ's decision reflects a consideration of the factors outlined in 20 C.F.R. § 404.1527(c) because it included a detailed recitation of the evidence from Dr. López with consideration of Plaintiff's treatment relationship, the number of visits, and how the evidence from Dr. López compared to the other record evidence. Tr. 65-70. See Borque v. Berryhill, Civ. No. 17-268, 2018 WL 3536087, at *7 (D.N.H. July 23, 2018) ("where the ALJ provides good reasons, he is not required to expressly address each of the factors set forth in § 404.1527(c)."); Kekaula v. Berryhill, Civ. No. 17-00551, 2018 WL3146590, at *5 (D. Haw. June 27, 2018) ("explicit discussion of each § 404.1527(c) factor is not required."); Quinlavin v. Comm'r of

---

[5] These progress notes refer to Dr. López's treatment of Plaintiff in August 2014, July 2014, September 2014, November 2014, February 2015, August 2015, December 2015, March 2016, September 2016, December 2016.

11

Soc. Sec., Civ. No. 15-731, 2017 WL 583722, at *2 (N.D. Ohio Feb. 14, 2017) ("An ALJ does not need to explicitly refer to any or all of the § 404.1527(c) factors.").

Plaintiff's remaining allegation that the ALJ "ignored the rest of the opinions in [Dr. López's] report and progress notes" is unfounded as she failed to provide any record citations in support of her claim that the ALJ did not consider portions of Dr. López's progress notes. See ECF No. 25, at 10. The record reflects that the ALJ specifically referenced Dr. López's progress notes numerous times throughout the decision. Tr. 68-70. Thus, the ALJ's mental RFC determination is supported by substantial evidence. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) ("We must affirm the Secretary's [determination], even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

### B. The ALJ's Weighing of the Opinions of the State Agency Physicians

Plaintiff argues that the ALJ erred in assigning great weight to the opinions of Dr. Phillips and Dr. Piñeiro. ECF No. 25, at 6-7; Tr. 69. "[S]tate agency consultants are highly qualified medical personnel who are experts in the evaluation of the medical issues involved in disability claims and whose conclusions are to be afforded great weight if they are supported by other evidence in the record." Meléndez Cruz v. Saul, Civ. No. 18-1903, 2020 WL 1951733, at *5 (D.P.R. Apr. 22, 2020); SSR 96–6p, 1996 WL 374180, at *2-3.

First, Dr. Phillips and Dr. Piñeiro assessed that Plaintiff can maintain attention and concentration for two hours with normal breaks. Tr. 285, 304-05. In her function report, Plaintiff complained of being forgetful and being only able to pay attention for short periods. Tr. 115. Plaintiff's complaints are supported by opinions from Dr. López and Dr. Rodríguez that reflect that Plaintiff had reduced levels of attention. Tr. 271, 577, 697. The ALJ, however, indicated that

Dr. López's progress notes consistently established that Plaintiff remained coherent and cooperative, as well as alert, during her appointments.[6] Tr. 69, 183, 186, 189, 191, 253. In May 2014, Dr. Rodríguez found that Plaintiff was alert with appropriate affect. Tr. 576-77. Furthermore, the ALJ noted that Plaintiff reported in her function report that she drives short distances and that she performs some household chores. Tr. 69, 111-13, 575.

Plaintiff contends that the ALJ's decision is flawed because he relied upon Plaintiff's subjective declarations. ECF No. 25, at 7. The ALJ, however, is permitted to evaluate a "claimant's statements, opinions of treating physicians, reports of claimant's activities and claimant's course of treatment" in considering the intensity and persistence her symptoms regarding her medically determinable impairments. See Ngyuen v. Chater, 172 F.3d 31, 34 (1st Cir. 1999) (citing 20 C.F.R. § 404.1529(c)). Here, the ALJ properly considered Plaintiff's reports of her activities that she provided in her function report. Tr. 69. Therefore, the ALJ's decision to assign great weight to the opinions of Dr. Phillips and Dr. Piñeiro that Plaintiff could maintain attention and concentration for two hours with normal breaks is supported by substantial evidence. See Meléndez Cruz, 2020 WL 1951733, at *5.

Plaintiff also argues that the ALJ erred in assigning great weight to the opinions of Dr. Phillips and Dr. Piñeiro regarding her ability to interact with the public. ECF No. 25, at 8. In June 2014, Dr. Phillips opined that Plaintiff had moderate limitations in her ability to interact appropriately with the general public and that she can tolerate the minimum social demands of simple-task settings. Tr. 285. In December 2014, Dr. Piñeiro reviewed the record on reconsideration and concurred with Dr. Phillips' findings. Tr. 304. In October 2014, Dr. López reported that Plaintiff expressed her interest to remain alone and isolated with reduced

---

[6] These progress notes refer to Dr. López's treatment of Plaintiff in May 2014, July 2014, August 2014, September 2014, December 2016.

13

interaction with her friends and family. Tr. 69, 204, 208, 616, 620. Plaintiff, however, did not allege difficulties interacting with others in her function report as she indicated that she did not have problems with authority figures and did not have any problems getting along with family, friends, or neighbors. Tr. 69, 116, 123. Dr. Rodríguez's May 2014 psychological report indicates that she had coherent, relevant, and spontaneous speech. Tr. 576. Additionally, Dr. Rodríguez observed that Plaintiff was cooperative during the interview, established a good rapport, and answered all questions. Tr. 573-76. The ALJ noted that Dr. López consistently described Plaintiff in his progress notes as cooperative, coherent, affable, approachable, with appropriate affect and logical, relevant, and coherent thought process.[7] Tr. 183, 186, 189, 191, 253, 256, 260, 264, 271. Thus, the ALJ's decision to assign great weight to the opinions of Dr. Phillips and Dr. Piñeiro regarding her ability to interact with the public is supported by substantial evidence. Tr. 69; see Meléndez Cruz, 2020 WL 1951733, at *5.

Lastly, Plaintiff argues that the ALJ erred in assigning great weight to the opinions of Dr. Phillips and Dr. Piñeiro who opined that Plaintiff can tolerate simple changes in routine. ECF No. 25, at 8-9; Tr. 69, 286, 305. The ALJ assigned great weight to these opinions because Dr. Rodríguez noted in May 2014 that Plaintiff was adequately dressed, neat, and clean, and seemed to take good care of her appearance. Tr. 69, 576. Plaintiff also admitted to driving short distances which the ALJ found was indicative of an ability to control behavior. Tr. 69, 121. Plaintiff alleges that the ALJ erred by "ignor[ing] the other medical evidence from the treating psychiatrist and the consultative examiner." ECF No. 25, at 9. Plaintiff, however, does not provide citations to record evidence in support of her claims. See Hidalgo-Rosa v. Colvin, 40 F. Supp. 3d 240, 243 n.1 (D.P.R. 2014) (explaining that a claimant's undeveloped argument

---

[7] These progress notes refer to Dr. López's treatment of Plaintiff in May 2014, July 2014, August 2014, September 2014, August 2015, December 2015, March 2016, September 2016, and December 2016.

14

presented in a perfunctory fashion is deemed waived). Thus, the ALJ's finding is supported by substantial evidence. See Meléndez Cruz, 2020 WL 1951733, at *5.

### C. The ALJ's Consideration of Dr. Rodríguez's Psychological Report

Lastly, Plaintiff argues that the ALJ did not properly address portions of Dr. Rodríguez's psychological report. ECF No. 25, at 11. Plaintiff claims that the ALJ erred because he did not explicitly mention Dr. Rodríguez's findings that Plaintiff could not count backwards from 20 to 1 and was not able to recite all the twelve months in order. ECF No. 25, at 11. Plaintiff's argument is unavailing as the ALJ extensively referenced Dr. Rodríguez's report at numerous points in his decision. Tr. 67-70, 578. The mere fact that the ALJ did not quote every part of Dr. Rodríguez's report does not make the RFC determination any less appropriate. See Santiago v. Sec'y of Health & Human Servs., Civ. No. 94-1891, 1995 WL 30568, at *4 (1st Cir. Jan. 25, 1995) ("The ALJ was not required to recite every piece of evidence which favored appellant."); Rodríguez v. Sec'y of Health and Human Servs., 915 F.2d 1557, 1990 WL 152336, at *1 (1st Cir. 1990) ("An ALJ is not required to expressly refer to each document in the record, piece-by-piece").

### IV.   Conclusion

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of November, 2020.

s/Marcos E. López
U.S. Magistrate Judge